FILED

2011 AUG 25 PM 1:25

DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: ________________

6-11-CV-1422-ORL-22DAB

JOHN FRANCK,

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation and TIFFANY MOORE,[1]

Defendants.

______________________________

**NOTICE OF REMOVAL OF COUNT II**

COMES NOW STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), by and through its undersigned counsel, and gives notice of removing the separate and independent Count II in this action from the Eighteenth Judicial Circuit in and for Brevard County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and states as follows:

1. State Farm (an Illinois company) removes Count II for statutory bad faith brought by a Florida plaintiff seeking to recover the difference in the March 23, 2009 uninsured motorist verdict returned by the jury on Count I ($611,710.31) and the $15,000.00 UM benefits provided by State Farm. (A copy of the Amended

[1] Tiffany Moore was dismissed in 2009. The remaining parties are diverse.

Complaint asserting Count II is attached hereto as Exhibit "A".) While Count II was pled May 1, 2008, it did not accrue because the Court immediately abated it. Accordingly, the time to remove did not begin to run until the Circuit Court dissolved the abatement on July 27, 2011. (Order lifting abatement is attached hereto as Exhibit "B".) Therefore, this Notice is timely filed within 30 days of "commencement" of the initial pleading setting forth the claim for relief.

2. Count II is one in which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court pursuant to 28 U.S.C. § 1441 and the first paragraph of § 1446(b). See Pretka v. Kolter City II, Inc., 608 F.3d 744 (11th Cir. 2010), in that:

A. This is an action between citizens of different states; and

B. This is a civil action in which the amount of controversy exceeds $75,000.00, exclusive of interests and costs.

3. At all times material to the instant action, Plaintiff was and is a resident of Florida. Please see Exhibit "B" to Amended Complaint (Plaintiff's Civil Remedies Notice) listing Plaintiff's address in Palm Bay, Florida. Plaintiff seeks the benefits of Florida statutes governing insurance policies issued and delivered in Florida. (See Amended Complaint paragraphs 12, 13, 14, 16, 17, 19 and 21.) As set forth in the paragraph 2 of the Amended Complaint, State Farm is a "foreign insurer." State Farm is organized under the laws of Illinois with its principal place of business in Illinois. Accordingly, State Farm is a resident of Illinois per 28 U.S.C. § 1332(a).

While the Amended Complaint previously asserted a claim against a non-diverse defendant (Tiffany Moore), that claim and the non-diverse defendant were dropped by Plaintiff Counsel prior to the underlying trial. Thus, the only defendant at the time the bad faith action commenced on July 27, 2011 was State Farm. (See July 27, 2011 hearing transcript at pages 4 and 16 attached as Exhibit "C".)

4. The amount in controversy in Count II is approximately $576,000, exclusive of interest. Plaintiff seeks to recover the verdict amount ($611,710.31). (See the Verdict at Exhibit D.) With set-offs, the claimed excess judgment is approximately $576,000.

5. Venue is proper in this district under 28 U.S.C. §1441(a) and M.D. Local Rule 1.02(b)(3) because this district and division embrace the state court where the removed action has been pending, Brevard County.

6. State Farm is a defendant in a civil action served against it on or about November 30, 2007 in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, styled <u>John Franck v. State Farm Mutual Automobile Insurance Company, a foreign corporation, and Tiffany Moore</u>, Case No. 05-2007-CA-069225-XXXX-XX ("Underlying Action"). The Underlying Action asserted claims for $15,000 in uninsured motorist benefits (Count I) and unspecified statutory bad faith damages (Count II). But a statutory bad faith claim does not accrue until after the underlying claim for insurance benefits has been finally resolved, including appeals. <u>Blanchard v. State Farm Mutual Automobile Insurance Co.</u>, 575 So. 2d

1289 (Fla. 1991). The Complaint was amended on May 1, 2008 to assert a claim against claim representative Moore (Count III). On that same date the Court abated the bad faith claims pending further order. (State Farm and Moore moved to dismiss twice because there was no claim against Moore and for fraudulent joinder. Please see Exhibit "D".)

7. The UM Count I proceeded to trial after the Plaintiff dropped Moore. On March 23, 2009 the jury awarded Plaintiff $611,710.31. Thereafter, on June 18, 2009 a final judgment for the UM policy limits ($15,000.00) was entered against State Farm.

8. The Final Judgment was appealed to the Fifth District Court of Appeal, which affirmed on April 19, 2011. On May 16, 2011 the mandate transferred jurisdiction back to the Circuit Court. The bad faith claim remained abated upon issuance of the mandate.

9. By Order dated July 27, 2011, the Circuit Court lifted the abatement as to Count II and ordered State Farm to answer, which it has done. Accordingly, the removed claim commenced on July 27, 2011. See, Jenkins v. Allstate Ins. Co., 2008 WL 4934030 (M.D. Fla. 2008) (removal premature where cause of action not yet accrued; thirty days to remove should run from date "claim accrued"); Curran v. State Farm Mutual Automobile Insurance Co., 2009 WL 2003157 (M.D. Fla. 2009) (bad faith action cannot be removed before accrual); Lahey v. State Farm Mut.

Auto. Ins. Co., Case No. 8:06-cv-1949-T27-TBM, 2007 WL 2029334 (M.D. Fla. July 11, 2007).

10. On May 1, 2008, the Trial Court abated Count II until further order. Under Florida law, an abatement has the effect of suspending or ending an action. See Togo's Eatery of Florida, Inc. v. Frohlich, 526 So. 2d 999, 1001 (Fla. 1st DCA 1988); Rudolph v. Chase, 468 So. 2d 494 (Fla. 5th DCA 1985). The abatement was not dissolved by resolution of the appeal.

11. Count II is removable as Florida law provides that a statutory bad faith claim is a separate and independent claim. Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So. 2d 1216, 1235 (Fla. 2006); Allstate Ins. Co. v. Jenkins, 32 So. 3d 163, 165 (Fla. 5th DCA 2010); Opperman v. Nationwide Mutual Fire Ins. Co., 515 So. 2d 263, 264 (Fla. 5th DCA 1987) (statutory bad faith is an independent claim). Such claim could have, and should have, been brought as a separate action. Jenkins, 32 So. 2d at 165. See, e.g., Barnes, 2010 WL 5439754; Love, 2010 WL 2836172) (citing cases within Middle District on this issue); Lahey, 2007 WL 2029334 at *1, 3; Jenkins v. Allstate Ins. Co., 2008 WL 4934030.

12. This notice is being filed within 30 days of July 27, 2011. This Court should hold the bad faith claim commenced for purposes of §1446 that day. Cf. Pretka, 608 F.3d at 757-58 (one year rule applies only to second paragraph of section 1446). A bad faith action is independent, and it should not be governed by commencement of the UM claim.

13. Bolen v. Illinois National Insurance Company, 2010 WL 4619803 (M.D. Fla 2010) is particularly instructive. The Bolen Court found the bad faith claim was properly removed within 30 days of commencement even though the Complaint was originally filed in 2007. The claim became removable after the trial court entered an Order lifting the abatement on the bad faith claim on *July 27, 2010*. (By coincidence, this is *exactly* one year before the instant Order lifting abatement.) The Bolen Court found its Order triggered a "new 30-day window" for Illinois National to remove. The Court also noted that, prior to the Order dissolving the abatement, "Plaintiff's bad faith claim *did not even exist*, and removal would have been premature." (Emphasis in original.) If Illinois National attempt to remove the bad faith claim while it was abated, the Middle District would have remanded. Id. at *3. The same rationale applies in the case at bar.

14. Alternatively, to the extent the bad faith claim is deemed to have commenced at the time it was filed, this Notice is being filed within one year of "commencement" of such action when the one-year is deemed tolled by the abatement. The bad faith claim was filed May 1, 2008, but was abated from May 1, 2008 to July 27th, 2011. An order abating a claim under Florida law suspends or ends the action. See Togo, 526 So. 2d at 1001.

15. Alternatively, to the extent the one-year rule applies, such time period should be equitably tolled. When pled, the bad faith action had not accrued as a matter of law. The damages being sought could not be ascertained as they had not

yet been determined in the UM action. Furthermore, the Plaintiff added a non-diverse defendant despite the lack of a valid claim against the individual under §624.155, and then dropped the non-diverse defendant (Moore) when Count II was abated. The premature filing of an non-accrued claim and the fraudulent joinder of the claim representative five (5) months later should not affect State Farm's substantive right to remove.

16. True and legible copies of all process, pleadings and orders served on State Farm related to Count II are attached to this Notice of Removal as Exhibits "E" per 28 U.S.C. §1446(a). True and legible copies of all of all process, pleadings, orders and papers or exhibits on file in the state court relating to Count II will be separately filed electronically pursuant to CM/ECF Administrative Procedures IIA(2)(c) and M.D. Fla. L. R. 4.02(b).

17. Written notice of this Notice of Removal, together with a copy of this Notice of Removal of Count II, will be contemporaneously served on the Plaintiff and filed with the Clerk of the Eighteenth Judicial Circuit.

WHEREFORE, State Farm gives notice Count II of the Amended Complaint now pending in the Eighteenth Judicial Circuit is removed to this Honorable Court.

**TAYLOR, DAY, CURRIE, BOYD & JOHNSON**

______________________________

**BRADLEY R. JOHNSON**
Florida Bar No. 0709425

**RHONDA B. BOGGESS**
Florida Bar No. 822639
50 North Laura Street, Suite 3500
Jacksonville, FL 32202
Phone: 904.356.0700
Fax: 904.356.3224
Attorneys for State Farm

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that copy of the foregoing has been furnished to **O. John Alpizar, Esquire**, 1528 Palm Bay Road, N.E., Palm Bay, Florida 32905, and to **Scott A. Turner, Esquire**, 7370 Cabot Court, Suite 101, Viera, Florida 32940, via Federal Express, this 24th day of August, 2011.

Attorney